ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-436-7241
    Fax: (415) 436-7234
    Michael.Lagrama@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SAVERIO GABRIELE MARINANGELI,<br><br>    Defendant. | CASE NO. 3:22-CR-00232-CRB<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date:  March, 2024<br>Sentencing Time: 9:30 a.m. |

## I.     INTRODUCTION

Defendant Saverio Marinangeli was indicted on one count of Felon in Possession of a Firearm and Ammunition, in violation 18 U.S.C. § 922(g)(1).  The defendant pled guilty to this single count in the Indictment.  Under the advisory Sentencing Guidelines, the defendant is subject to between 57 and 71 months in custody.  U.S. Probation recommends that the defendant be sentenced to 57 months in custody, the lowest end of the advisory guidelines.  However, the United States recommends that the defendant be sentenced to 48 months in custody instead because this sentence is sufficient but not greater than necessary to achieve the sentencing objectives in 18 U.S.C. § 3553(a).  In accordance with the sentencing recommendation by U.S. Probation, the United States also urges this Court to impose on

the defendant 3 years of supervised release (subject to the conditions recommended by U.S. Probation) and to order the defendant to forfeiture the firearm and ammunition found in his possession at the time of his arrest.

Regarding the United States' sentencing recommendation, the defendant's possession of a loaded firearm as a felon is particularly concerning.  However, the defendant did not engage in violence or resist arrest during the instant offense.  Rather, when law enforcement officers contacted the defendant, he complied with their directions to step out of the car and essentially confessed to his criminal conduct by telling officers there was a firearm inside his vehicle.  Since his arrest, the defendant has taken responsibility for his criminal conduct by pleading guilty to the offense charged in this case and to other offenses charged in state court.  Then, while in state custody, the defendant enrolled in and has worked to complete a certified paralegal studies course, indicating his earnest effort at rehabilitation.  Moreover, the defendant's relatively young age, 20, at the time of his offense, the loss of his father or a parental figure when he was teenager (around 14), and his prior reported work experience militate against the imposition of a lengthy prison sentence.

Further, having recently pled guilty to crimes in state court, the defendant is currently serving a 10-year and 8-month state prison sentence.  Pursuant to the parties' plea agreement, the United States does not oppose the defendant's anticipated request to serve the sentence imposed in this case concurrently with that state prison sentence.

Therefore, in accordance with the sentencing objectives in section 3553(a), the defendant should be sentenced to 48 months in prison followed by 3 years on supervised release and be ordered to forfeit the firearm and ammunition that were in his possession at the time of his arrest.[1]

## II. BACKGROUND

### A. Circumstances of the Offense

On January 6, 2022, while in uniform and on patrol, a Colma City police officer received a report of a stolen vehicle.  That officer spotted the suspected stolen vehicle in line at a fast-food drive through

---

[1] The factual assertions in this brief are based on the confidential Presentence Investigation Report, the defendant's rap sheet and conviction records, the facts admitted in the plea agreement, and incident report regarding his arrest.

United States' Sentencing Memorandum    2
3:22-CR-00232-CRB

in Daly City, California. The defendant, Saverio Marinangeli, was the driver and sole occupant of the vehicle. Additional officers were called to the scene. The officers contacted the defendant, who was sitting in the vehicle in the drive-through. The defendant complied with the officers' directions to step out of the car and spontaneously stated that there was a firearm inside. Officers searched the vehicle and discovered in plain view a loaded firearm (a Glock 19 semi-automatic firearm, Serial Number: BEBG267) on the driver's side door pocket.

The Glock 19 was loaded with 18 rounds of ammunition (16 Israeli Military Industries cartridges with headstamp "9MM TZZ 87," 1 Winchester cartridge with headstamp "WCC 90," and 1 Winchester cartridge with headstamp "W-W 9mm LUGER"). The Glock 19 was a semiautomatic firearm capable of accepting a large capacity magazine and was reported stolen. Prior to his arrest in this case, in 2020, the defendant was convicted in the San Mateo County Superior Court (case number: 20-NF-004688-B) of assault with a semiautomatic firearm, a crime punishable by imprisonment for a term exceeding one year, in violation of California Penal Code section 245(b).

**B. Procedural History**

On June 22, 2022, in the Northern District of California, the defendant was indicted on one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). The Indictment contains a Forfeiture Allegation pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), pertaining to forfeiture of the firearm and all ammunition seized. On January 17, 2024, the defendant pled guilty to the single count in the Indictment and, pursuant to the terms of the plea agreement, the government will not oppose the defendant's expected request that he receive a sentence that runs concurrently with his state prison sentence of 10 years and 8 months.

**C. Sentencing Guidelines Calculation**

In accordance with the parties' plea agreement, U.S. Probation has issued the following advisory Guidelines calculation:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2K2.1 | | 22 |
| b. | Specific offense characteristic – U.S.S.G. § 2K2.1(b)(4)(A) (Firearm, a Glock 19 semi-automatic, was reported stolen) | | +2 |
| c. | Acceptance of Responsibility (U.S.S.G. § 3E1.1(a), (b)) | | -3 |

|   |   |   |   |
|---|---|---|---|
| 1 | d. | Final adjusted offense level | 21 |

U.S. Probation has determined that the defendant has a criminal history score of nine (Criminal History Category IV) and is subject to a Guidelines sentencing range of 57 to 71 months in custody. U.S. Probation recommends that the defendant be sentenced to 57 months in custody, followed by 3 years on supervised release, and be ordered to forfeit the seized firearm and ammunition.

## III. DISCUSSION

### A. Legal Standards

The Court should impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines. *Id*.

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) The nature and circumstances of the offenses and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B. Sentencing Recommendation by the United States

The United States recommends that the Court impose on the defendant a sentence of 48 months' imprisonment followed by 3 years on supervised release (subject to the conditions recommended by

U.S. Probation) and order the defendant to forfeit the firearm and ammunition that were in his possession at the time of his arrest on January 6, 2022.

### 1. Nature and circumstances of the offense and history and characteristics of defendant

Based on the nature and circumstances of the defendant's offense, and his history and characteristics, he should be sentenced to serve 48 months in custody followed by 3 years on supervised release (under the conditions specified by U.S. Probation).

Regarding the underlying circumstances of the instant offense, on January 6, 2022, police officers received a report of a stolen vehicle. Officers spotted the reported vehicle in a fast-food drive through in Daly City, California, and the defendant was the driver and sole occupant of the vehicle. After officers contacted the defendant, he complied with their directions to step out of the vehicle and spontaneously stated that there was a firearm inside. Officers discovered in plain view a loaded firearm in the driver's side door pocket. The loaded firearm and the vehicle that the defendant was driving were reported stolen. Given the defendant's prior conviction (in 2020) for assault on a person with a semiautomatic firearm (Cal. Penal Code § 245(b)), his possession of a loaded firearm constitutes a serious offense that endangered public safety.

The defendant also has more recent convictions. In August 2023, he pled guilty to carjacking (Cal. Penal Code § 215(a)), and admitted to having a prior strike, to an elder abuse allegation, and to being on probation at the time of the offense. He was sentenced to 10 years in state prison. The defendant also recently pled guilty to driving a stolen vehicle (Cal. Veh. Code § 10851) and admitted to a probation violation, and was sentenced to serve a consecutive 8 months in prison. Thus, the defendant is currently serving 10 years and 8 months in state prison.

As his criminal convictions show, the defendant has demonstrated violent tendencies that render him a danger to the community. Indeed, the defendant's 2020 conviction for assault with a semi-automatic firearm is particularly concerning—although it appears that it was his co-defendant who discharged the firearm at the victim.

But an individualized examination of the defendant's offense and history reveals mitigating factors. Regarding the instant offense for felon in possession of a firearm and ammunition, the

defendant did not engage in violence or resist arrest during his arrest, even though he had a loaded firearm at his disposal.  Rather, the defendant complied with the officers' directions to step out of the vehicle and then readily admitted there was a firearm inside.  This shows that the defendant can refrain from violence, comply with lawful orders, and take responsibility for his criminal conduct.  The defendant further took responsibility for his actions by pleading guilty for this offense and for other offenses charged in state court.  Moreover, the defendant has apologized and expressed remorse for his pattern of criminal conduct.  His expression of remorse has credence given his educational and rehabilitative efforts.  While in state custody, the defendant paid to enroll in a two-year paralegal education course (Blackstone Paralegal Studies) and has been studying for the past eight months, so that he can be a certified paralegal for the defense bar.   Thus, the defendant's actions since his arrest suggest that he has turned a new leaf and has moved in a positive direction for the betterment of himself and for society.

Additionally, the defendant's relative youth (20 years old) or immaturity at the time of the offense somewhat mitigates his culpability.  Notably, the defendant lost his father (who suffered from liver cancer and died from a heart attack) when he was a teenager, and he had a strained relationship his mother.  Thus, the defendant's experience of losing his father and loss of a parent figure at a young age, his relative youth at the time of his offense, and his rehabilitative efforts militate against the imposition of a particularly long prison sentence.

Further, the defendant reported having prior work experience during his young adulthood, working at the Oakland Zoo, at Design Floor in San Francisco, and as a cook and butcher's assistant, etc.  Thus, while the defendant has engaged in criminal acts, it appears he was also gainfully employed during periods of his young adulthood.  His efforts to become a certified paralegal for the defense bar indicates that he wishes to return to a life of being gainfully employed and to otherwise be law-abiding.

Accordingly, given the circumstances of his offense and history and personal characteristics, the defendant should serve at least 48 months in custody followed by 3 years on supervised release.

**2.     Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

A 48-month sentence or 4 years in prison reflects the seriousness of the defendant's offense for possessing a loaded firearm as a felon. It also promotes respect for the law, which protects the public from gun violence. Finally, a 48-month sentence constitutes just punishment because it ensures that the defendant remains in custody for 4 years or so.

**3.     Need for the sentence to afford adequate deterrence to criminal conduct**

Imposing at 48-month custodial sentence on the defendant promotes general deterrence, as it will adequately dissuade felons from possessing a loaded firearm. That is, the loss of liberty for 4 years is significant (rather than di minimus), such that it would sufficiently serve as a general deterrence to possessing a loaded firearm as a felon. It will also serve as a specific deterrence to the defendant, who will serve 4 years in custody, during which he intends to continue participating in rehabilitative programs.

**4.     The need for the sentence imposed to protect the public from further crimes by the defendant.**

A 48-month custodial sentence is also warranted to protect the public from further crimes by the defendant, as it will ensure that he is not on the streets keeping a loaded firearm or committing other crimes for 4 years.

**5.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

While a 48-month custodial sentence is slightly below the punishment imposed for similar crimes by defendants with similar records, this sentencing recommendation is based on the particular facts in this case. As U.S. Probation noted, during the last five fiscal years, there were 1,018 defendants whose primary guideline was §2K2.1, with a Final Offense Level of 21 and a Criminal History Category of IV. This excludes defendants who received a §5K1.1 substantial assistance departure. For the 1,006 remaining defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 55 months and the median length of imprisonment imposed was 57 months.

Here, United States' recommended sentence of 48 months in custody is 7 months below the average (55 months) and 9 months below the median (57 months) lengths of imprisonment imposed on similarly situated defendants. In any event, the United States' recommended variance is based on an individualized consideration of the facts in this case, including the defendant's relative youth, early acceptance of responsibility and expression of remorse, and earnest efforts at rehabilitation, in accordance with 18 U.S.C. § 3553's sentencing objectives.

## CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to 48 months in prison followed by 3 years on supervised release and order him to forfeit the seized firearm and ammunition.

DATED:       March 22, 2024                         Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Michael G. Lagrama*
MICHAEL G. LAGRAMA
Assistant United States Attorney